Gregory J. Gorski
**GORSKI LAW, PLLC**
1635 Market St., Suite 1600
Philadelphia, PA 19103
215-330-2100

**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ROBERT EVERETT BAUGH, JR.,** | ) | |
| | ) | **Civil Action No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **TD BANK USA, N.A.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | **NON-ARBITRATION** |
| | ) | |

**PRELIMINARY STATEMENT**

1.     Plaintiff, Robert Everett Baugh, Jr. brings this civil action for damages against Defendant TD Bank USA, N.A. ("TD Bank") for violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.* and other common law claims.

**THE PARTIES**

2.     Plaintiff Robert Everett Baugh, Jr.  is an adult individual residing in Marlton, New Jersey.

3.     TD Bank is a national bank registered to conduct business in the State of New Jersey.

**JURISDICTION & VENUE**

4.     This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the District of New Jersey, and Defendant possess sufficient contacts with this District to be deemed to reside in this District.

**FACTUAL ALLEGATIONS**

6.     Mr. Baugh is a "consumer" and "person" as those term are defined by EFTA. 15 U.S.C. §1693a(6).

7.     TD Bank is "financial institution" as that term is defined by EFTA. 15 U.S.C. §1693a(9).

8.     Mr. Baugh possesses a demand deposit account with TD Bank which is an "account" as that term is defined by EFTA.  15 U.S.C. §1693a(2).

9.     On or around February 24, 2020, Mr. Baugh's debit card was stolen and an unauthorized ATM withdrawal was performed from Mr. Baugh's account totaling $200.99.

10.     On or about February 25, 2020, upon discovering that the debit card was stolen, Mr. Baugh promptly contacted TD Bank to report the stolen debit card and provided TD Bank with notice of the unauthorized electronic fund transfer from his account.

11.     TD Bank's terms of service limit Mr. Baugh's liability for unauthorized electronic funds transfers as a result of fraud such that Mr. Baugh was entitled to be recredited the full amount of any fraudulent or unauthorized electronic transfers.

12.    On or about April 3, 2020, TD Bank sent Mr. Baugh correspondence refusing to honor the terms of service and credit Mr. Baugh's account for the unauthorized fund transfer.

13.    TD Bank failed to perform good faith investigations of the unauthorized electronic fund transfer, had no reasonable basis to conclude that the transfer was not in error, and further failed to provide Mr. Baugh with an explanation of its findings.

14.    Notwithstanding the above, on or about May 18, 2020, Mr. Baugh contacted TD Bank again to dispute the unauthorized electronic transfer.

15.    TD Bank, once again, failed to perform good faith investigations of the unauthorized electronic fund transfer, had no reasonable basis to conclude that the transfer was not in error, and further failed to provide Mr. Baugh with an explanation of its findings.

16.    TD Bank further knowingly and willfully concluded that the unauthorized electronic transfer was not in error when such conclusion could not reasonably have been drawn from the evidence available to TD Bank at the time of the investigations.

17.    TD Bank violated the terms of its service agreement with Mr. Baugh by failing to recredit Mr. Baugh's account with the funds that were fraudulently transferred.

18.    TD Bank knew or should have known that its actions violated the EFTA. Additionally, TD Bank could have taken the steps necessary to bring its agent's actions within compliance of this statute, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

19.    Mr. Baugh has suffered actual injuries as result of Defendant's conduct described above including but not limited to: ascertainable loss of monetary funds, financial hardship, harm to reputation, lost time spent disputing, humiliation, embarrassment, and emotional distress.

20.     Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of each Defendant at all times relevant hereto.

## COUNT I - VIOLATIONS OF EFTA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     TD Bank violated EFTA by negligently and willfully failing to conduct a good faith investigation without a reasonable basis for concluding Mr. Baugh's account was not in error as described above. 15 U.S.C. § 1693f(e)(1)(A) & 1693f(e)(1)(B).

23.     TD Bank further violated EFTA by knowingly and willfully concluding that Mr. Baugh's account was not in error when such a conclusion could not be drawn from evidence available at the time of its investigations. 15 U.S.C. § 1693f(e)(2).

24.     The conduct of TD Bank was absent bona fide error and a direct and proximate cause and/or substantial factor in causing the injuries to Mr. Baugh as described above.

25.     As a result of the violations of the EFTA by TD Bank identified herein, the Defendant is liable to Mr. Baugh for damages to include: statutory damages, actual damages, treble damages, costs of this action and attorney's fees.  15 U.S.C. §§1693f(e) & 1693m.

## COUNT II – BREACH OF CONTRACT

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     TD Bank's terms of service are an agreement with Mr. Baugh which includes essential terms that require TD Bank to recredit Mr. Baugh for any transfers that were the result of unauthorized or fraudulent use of his checking account with TD Bank.

28.     TD Bank breached its agreement with Mr. Baugh by failing to recredit Mr. Baugh for the unauthorized electronic fund transfer after Mr. Baugh gave notice to TD Bank.

29.     As a result of the breach of contract committed by TD Bank identified herein, the Defendant is liable to Mr. Baugh for damages to include: general damages and actual damages as described above.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Respectfully Submitted,

**GORSKI LAW, PLLC**


BY:     */s/ Gregory Gorski*
        GREGORY GORSKI, ESQUIRE
        1635 Market Street, Suite 1600
        Philadelphia, PA 19103
        (215) 330-2100

        Attorneys for Plaintiff

Dated:   December 2, 2020